## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

R.W.,

      Plaintiff,

v.                                       Case No. 5:16-cv-00045-WTH-PRL

BRUCE A. KISER JR.,
in his individual capacity,

      Defendant.

_____/

### PLAINTIFF'S MOTION TO COMPEL DOCUMENTS AND A PRIVILEGE LOG FROM DEFENDANT BRUCE A. KISER AND MEMORANDUM OF LAW

Plaintiff, by and through undersigned counsel, respectfully submits this Motion to Compel Documents and a Privilege Log from Defendant Bruce A. Kiser. The Defendant refuses to produce clearly discoverable documents based on a flawed assertion of attorney-client privilege and the work product doctrine, and further refuses to even produce a privilege log documenting his communications with other Florida Department of Corrections (FDC) employees. Further, Defendant has failed to produce his tax returns, which are relevant to his ability to pay damages to Plaintiff, and to produce information related to his hiring by the FDC, relevant to the late invocation of privilege as to Defendant's communications with the non-party FDC. Because of these deficiencies and because of Defendant's failure to produce a privilege log after more than seven weeks of conferring, Plaintiff respectfully seeks to compel discovery responses.

1

# BACKGROUND

Plaintiff R.W. sued Defendant Officer Bruce A. Kiser, Jr., for failing to intervene in the brutal beating and rape that R.W. endured while incarcerated at Sumter Correctional Institution. R.W., a minor at the time, was attacked by a group of approximately six prisoners in plain view of Defendant Kiser, who failed to intervene or even report the attack.

On April 26, 2016, Plaintiff served a request for production of documents on Defendant that requested the following:

> 20. All communications between Defendant and anyone else about this case
> and the underlying incident, subsequent investigation or this lawsuit.

On June 7, 2016, Defendant Kiser objected to Plaintiff's request, as "vague, overbroad, unduly burdensome and outside the permissible scope of discovery under Rule 26(b)(l), Federal Rules of Civil Procedure [and] to the extent that it calls for the production of communication protected by the attorney client privilege." Defendant produced only an incomplete Inspector General report and Defendant Kiser's personnel file.

On January 13, 2017, Plaintiff served a Second Request for Production of Documents on Defendant, narrowing the original request, and seeking:

> 23. All communications between Defendant (and/or his attorney) and anyone
> currently or formerly employed by the Florida Department of Corrections
> about this case and the underlying incident, subsequent investigation or this
> lawsuit. This should include, but not be limited to, oral communications,
> written communications, notes, correspondence, memoranda, reports, records
> of telephone calls, records or minutes of any meeting, and emails.

On March 8, 2017, Defendant responded and stated in his objection:

> Defendant, Kiser, objects to Request 23 on the grounds that said request is
> vague, overbroad and calls for the discovery or information outside the scope
> of permissible discovery under Rule 26(b)(l), Federal Rules of Civil
> Procedure, In addition, Defendant, Kiser, objects to said request on the

grounds that it calls for information which is privileged under the work product/attorney client privileges.

Despite his assertion of privilege, at no time has Defendant produced a privilege log.

Counsel for Plaintiff and Defendant conferred over the objection on May 24, 2017. See Exhibit 1 to Affidavit of Miriam Haskell (June 5, 2017 email from M. Haskell to R. Harrop). Defendant continued to invoke privilege for all communications except those between Defendant Kiser and the FDC that predate litigation. Id. Counsel stated on May 24, 2017 that he would inquire of Defendant whether any responsive documents that predate the start of litigation exist.

In an effort to resolve this dispute, Plaintiff subsequently offered to further narrow the request, to exclude communications involving Defendant's counsel, so that only communications between Defendant Kiser himself and the FDC would be covered. Exhibit 2 to Affidavit of Miriam Haskell (June 21, 2017 email from M. Haskell to R. Harrop); see also Exhibit 3 to Affidavit of Miriam Haskell (July 6, 2017 email from M. Haskell to R. Harrop).

Plaintiff and Defendant have conferred via email numerous times since then, and Defendant now states that he "believe[s]" that Plaintiff has copies of the same documents that he has received from the FDC.[1] Exhibit 4 to Affidavit of Miriam Haskell (June 24, 2017 email from R. Harrop to M. Haskell). Defense counsel further stated that he would inquire of Defendant on July 13, 2017, upon Defendant's return from vacation, about communications between Defendant and the FDC prior to this litigation. Id. Defendant had initially agreed to

---

[1] The majority of those documents were not received from Defendant, but from the non-party FDC in response to a subpoena.

make such an inquiry when the parties conferred on May 24, 2017, but clearly failed to do so. Ex. 1 to Haskell Aff. Plaintiff agreed to wait until after July 13, 2017, to file this Motion.

On April 26, 2016, Plaintiff also requested:

> 22. All federal, state and local income tax returns (including all attachments thereto) filed by Defendant or any corporation, company, partnership and/or business owned in whole or in part by Defendant, from January 1, 2011, through the present.

Defendant objected to the request as "outside the scope of discovery under Rule 26(b)(1)." Plaintiff conferred about this request on July 7, 2017; on July 14, 2017, Defendant stated, without providing a position on producing the documents, that he was looking into the issue.

Finally, on July 7, 2017, Plaintiff requested that Defendant produce any and all fee agreements and retainer agreements executed between defense counsel and the Department of Corrections in this matter. Plaintiff also provided legal authority for the proposition that such records are not privileged. Exhibit 5 to Affidavit of Miriam Haskell (July 7, 2017 email from M. Haskell to R. Harrop). On July 14, 2017, counsel for Defendant stated in a conversation that no such retainer agreement exists. Plaintiff's counsel asked for a date at which point counsel's representation of the FDC started; Defendant stated—again, without production of a privilege log—that Plaintiff seeks privileged information.

Plaintiff was prepared to file this Motion on July 7, 2017, but agreed to wait until July 14, as Defendant would return from vacation on July 13. On July 13, Plaintiff did not receive any communication from Defendant. On July 14, counsel for Defendant stated that Defendant would look for responsive communications on July 14, and that counsel would review them for production the next day. Because of the fast-approaching close of discovery on July 20, 2017, Defendant's dilatory searches and unsatisfactory assurances, and the failure

of Defendant to provide a privilege log, Plaintiff files this motion.[2] Plaintiff seeks communications between Defendant Kiser and the FDC related to this matter and a privilege log for any communications over which Defendant asserts privilege. If Defendant claims that no responsive documents exist, Plaintiff seeks an affidavit describing what steps have been taken to locate potentially responsive discovery. Plaintiff also seeks Defendant's tax returns and any retainer and fee agreements executed between defense counsel and the FDC in this matter.

## LEGAL STANDARD

Generally, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). An objection to a discovery request must state whether responsive documents are being withheld. Fed. R. Civ. P. 34(b)(2)(C). Motions to compel discovery are committed to the discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

## ARGUMENT

Despite repeated efforts by Plaintiff to narrow requests and resolve these discovery disputes, Defendant Kiser continues to present blanket statements of privilege and objections to the production of certain communications with the FDC. Plaintiff here summarizes the outstanding requests and Defendant's remaining objections:

1. All communications (including documents) between Defendant and anyone currently or formerly employed by the Florida Department of

---

[2] If Plaintiff receives satisfactory responses to his discovery requests, he will seek to amend or withdraw this motion.

> Corrections about this case and the underlying incident, subsequent investigation or this lawsuit, *prior to* the initiation of this lawsuit.

Defendant has yet to produce any responsive documents. Defense counsel stated that Defendant would look for responsive documents after his return from vacation on July 13, 2017 "as an accommodation to [Plaintiff]." Ex. 4 to Haskell Aff.

> 2. All communications (including documents) between Defendant and anyone currently or formerly employed by the Florida Department of Corrections about this case and the underlying incident, subsequent investigation or this lawsuit, *subsequent to* the initiation of this lawsuit.

Defendant objects to this request based on work product and attorney-privilege and neither produced any documents nor confirmed that no responsive documents exist. Defendant refuses to produce a privilege log.

For the reasons explained below, Defendant's objections are insufficient and should be overruled. Plaintiff seeks the tax returns and retainer agreements discussed above, and any and all responsive documents to the above requests for production; if no responsive documents are produced, an affidavit describing any searches that have been conducted in order to identify responsive documents; and a privilege log.

## I.   The discovery sought by Plaintiff is within the scope of Rule 26.

Contrary to Defendant's objection that Plaintiff's requests are outside the scope of permissible discovery, the communications sought by Plaintiff are relevant to Plaintiff's claim that Defendant knowingly failed to intervene during Plaintiff's attack and that he was aware that Plaintiff faced a substantial risk of serious harm. Compl., D.E. 1 ¶¶ 74-75.

Absent an express court order to the contrary, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" See

Fed. R. Civ. P. 26(b)(1). Relevance should be broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." City of Ocala v. Safety Nat. Cas. Corp., No. 5:12-CV-48-OC-10PRL, 2013 WL 1760184, at *2 (M.D. Fla. Apr. 24, 2013) (Lammens, J.) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). Further, "[a] discovery request 'should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.'" City of Ocala, 2013 WL 1760184, at *2 (quoting Roesberg v. Johns–Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa.1980)). Communications between Defendant Kiser and the FDC are clearly likely to bear on Defendant Kiser's knowledge that Plaintiff R.W. would be harmed, his knowledge of the attack itself, and his reasons for refusing to intervene. Defendant's tax returns are relevant to damages in this case.[3] Finally, defense counsel has claimed at various serendipitous points in this case to represent the FDC, and for that to provide the basis for his blanket invocations of privilege. The fee and retainer agreement between defense counsel and the FDC is relevant to the validity of this assertion of privilege and the time period that would be covered by such alleged privilege.

## II.    Defendant has withheld documents without sufficient objections.

The burden rests squarely with Defendant Kiser to demonstrate the propriety of his objections and invocation of privilege. As the objecting party, Defendant Kiser must provide

---

[3] See, e.g., Shearson Lehman Hutton, Inc. v. Lambros, 135 F.R.D. 195, 198 (M.D. Fla. 1990) (tax returns discoverable where relevant). To target those documents most relevant to Defendant's ability to pay damages in this case, Plaintiff seeks only those tax returns that post-date the attack, since 2013. See Hernandez v. Wilsonart Int'l, Inc., No. 2:09-CV-747FTM-36SPC, 2010 WL 2653223, at *2 (M.D. Fla. July 2, 2010); Austrum v. Fed. Cleaning Contractors, Inc., No. 14-81245-civ-Marra/Matthewman, 2015 WL 6555081, at *3 (S.D. Fla. Oct. 28, 2015) (tax returns arguably relevant to claim for punitive damages).

evidence of specifically how a request is unreasonable or otherwise unduly burdensome. As the party invoking privilege, Defendant Kiser bears the burden of proving that the communications sought to be discovered are indeed privileged. Defendant Kiser has failed to do either.

> a. Defendant Kiser's boilerplate objections are insufficient and should be disregarded.

Defendant Kiser's boilerplate objections to Plaintiff's request as vague and overly broad are insufficient. "Objections stating that a request is 'vague', 'overly broad', or 'unduly burdensome' are meaningless standing alone." Martin v. Zale Del., Inc., No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1 (M.D. Fla. Dec. 15, 2008) (citation omitted). Further, "[p]arties are not permitted to assert these types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable." Id. Because Defendant has failed to state with precision why Plaintiff's request is vague and overly broad, his objection on this basis should fail.[4]

> b. Defendant Kiser has failed to produce a privilege log, thus failing to invoke attorney-client and work product privileges with the required specificity.

Defendant Kiser has failed to prove that the requested communications are indeed privileged, as he is obligated to do. See In re Grand Jury Proceedings in Matter of Freeman, 708 F.2d 1571, 1575 (11th Cir. 1983). To do so, Defendant Kiser must explain his bases for invoking privilege with specificity and produce a description of "the nature of the documents, communications, or tangible things not produced or disclosed." Fed. Rule Civ. P. 12(b)(5). See also Middle District Discovery Handbook (2015) at 15 ("A claim of privilege must be

---

[4] As noted above, the outstanding requests for communications that are the subject this motion are the result of a narrowed earlier request.

supported by a statement of particulars sufficient to enable the Court to assess its validity."). Defendant Kiser has failed to assert privilege with specificity.

Specificity is essential so that the party seeking the information may be able to assess the privilege claim. "Blanket" or "general objections" that "do not provide sufficient detail about the documents to enable [a party] to determine whether the withheld documents were privileged" are insufficient. Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc., 230 F.R.D. 688, 695 (M.D. Fla. 2005). Defendant's claim of privilege without more detail is a boilerplate objection that is inadequate. See id.; Williams v. Taser Int'l, Inc., 274 F.R.D. 694, 697 (N.D. Ga. 2008).

After Defendant Kiser invoked "attorney client/work product" privilege in his written objections to Plaintiff's request for communications, Plaintiff specifically requested a privilege log. See Ex. 1 to Haskell Aff. Counsel for Defendant has refused to produce such a log, despite repeated requests from Plaintiff. Id.; see also, Ex. 2 to Haskell Aff., Ex. 3 to Haskell Aff., Exhibit 6 to Affidavit of Miriam Haskell (June 23, 2017 email from M. Haskell to R. Harrop). Defense counsel invoked privilege once again during Defendant Kiser's deposition and instructed his client not to respond to questions because of that privilege, yet still refused to provide a privilege log. Exhibit 7 to Affidavit of Miriam Haskell (Deposition excerpt of Bruce Kiser, June 9, 2017, 9:6-12). Without a privilege log describing the communications at issue, Plaintiff is unable to further narrow his request (should this Court determine that he should do so) or make a complete argument as to why specific documents are necessary and responsive.

> c. Defendant Kiser has failed to demonstrate sufficient evidence that attorney-client privilege protects all communications sought from disclosure.

Defense counsel claims that the FDC is a client in this matter, despite the fact that Defendant Kiser is being sued in his individual capacity. That the FDC—a non-party in this matter—hired defense counsel to represent Defendant does not conclusively render all communications between the FDC and Defendant Kiser after the start of litigation privileged. As discussed above, Plaintiff has already narrowed his requests to exclude communications between defense counsel and FDC attorneys.

Under federal common law, which governs privilege in federal question cases, such as this one, the attorney-client privilege applies to a discrete set of circumstances. "The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." In re Grand Jury Matter No. 91-01386, 969 F.2d 995, 997 (11th Cir. 1992) (quotation marks and citation omitted). Defendant must demonstrate each of the following factors in order to support a claim of attorney-client privilege:

> (1) Where legal service advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) except the protection may be waived.

Bozeman v. Chartis Cas. Co., No. 2:10-CV-102-FTM-36, 2010 WL 4386826, at *3 (M.D. Fla. Oct. 29, 2010) (citations omitted).

Defendant Kiser has not provided sufficient evidence of each of the above factors in order to demonstrate that his communications with the non-party FDC,[5] even subsequent to the start of litigation, are protected by attorney-client privilege. On the contrary, Defendant has taken the position that any and all communications between an attorney and his client are automatically privileged. Exhibit 8 to Affidavit of Miriam Haskell (June 21, 2017 email from R. Harrop to M. Haskell) ("[A]ll communications, of whatever kind and nature, between this firm and DOC are protected by the attorney-client privilege."). This is an improper expansion of privilege. Even if defense counsel represents the FDC in this matter, that position does not render all communications privileged and obviate the need for a privilege log. The attorney-client privilege only applies to limited communications. "[T]he argument that *any* communication between an attorney and client is protected by the privilege is overbroad." In re Grand Jury Matter No. 91-01386, 969 F.2d at 997 (emphasis in original).

Further, Defendant's focus on attorney-client privilege distracts from the fact that Plaintiff has requested communications not simply between Defendant and the FDC, but between Defendant and *any* current or former employees of the FDC. Defendant has failed to state a sufficient basis for his objection to providing responsive documents related to communications between Defendant and current or former employees that occurred after the start of litigation. Defendant's invocation of attorney-client privilege—without a privilege log—is misplaced, overbroad and lacking the required evidentiary support.

---

[5] Because the FDC is a non-party, Plaintiff R.W. has had to take additional steps to seek information from the FDC, such as serving a non-party subpoena for documents, negotiating a separate confidentiality agreement with the FDC, amending and re-serving the subpoena as additional document needs arise, and providing Defendant with copies of documents received. At no point during the course of this litigation has the FDC purported to be a party in this case or tantamount to a party in this case.

  d. <u>Even if the attorney-client privilege does apply, it must be narrowly</u>
<u>construed.</u>

Where it does apply, the attorney-client privilege must be narrowly construed because
it "serves to obscure the truth." <u>United States v. Noriega</u>, 917 F.2d 1543, 1551 (11th Cir.
1990) (internal quotation marks and citation omitted). "To determine if a particular
communication is confidential and protected by the attorney-client privilege, the privilege
holder must prove that the communication was intended to remain confidential and, under the
circumstances, was reasonably expected and understood to be confidential." <u>Bingham v.</u>
<u>Baycare Health Sys.</u>, No. 8:14-CV-73-T-23JSS, 2016 WL 3917513, at *1 (M.D. Fla. July 20,
2016) (citing <u>Bogle v. McClure</u>, 332 F.3d 1347, 1358 (11th Cir. 2003)). Defendant Kiser has
failed to provide a privilege log identifying the individual communications and the support
for their confidentiality.

  e. <u>Defendant Kiser has not properly invoked the work product doctrine.</u>

As with the attorney-client privilege, "[t]he party claiming work product protection
bears the burden of demonstrating its applicability." <u>City of Ocala</u>, 2013 WL 1760184, at *3
(citation omitted). The work product doctrine only applies to a particular set of documents.
Specifically, documents are considered work product and protected from discovery if they
"are prepared in anticipation of litigation or for trial by or for another party or its
representative." Fed. R. Civ. P. 26(b)(3).

As with Defendant Kiser's claim of attorney-client privilege, Defendant has failed to
properly invoke the work product doctrine by refusing to produce a privilege log. Defendant
Kiser should have produced a privilege log that sufficiently identified the authors of
documents or the content of documents, as well as affidavits or testimony supporting the

assertion that documents were prepared in anticipation of litigation. See Auto Owners Ins. Co. v. Totaltape, Inc., 135 F.R.D. 199, 201-02 (M.D. Fla. 1990) (citation omitted). Defendant Kiser has made no attempt to provide any documents that support his work product claim.

      f.  Defendant Kiser's position regarding the FDC retainer agreement is implausible and without merit.

Plaintiff seeks documents related to the hiring of Defendant Kiser's counsel by the FDC because of their relevancy to Defendant's invocation of privilege with regards to FDC communications. Throughout the course of this litigation, defense counsel has referenced his relationship as counsel both to Defendant Kiser and the FDC in shifting and ill-defined terms. On May 24, 2016, counsel claimed that he viewed the FDC as "tantamount" to a client. See Ex. 1 to Haskell Aff. On June 21, 2017, defense counsel explained that the FDC's position as his client is based in Florida Statute §284.01 (State Risk Management and Safety Programs). Ex. 8 to Haskell Aff. As recently as July 6, 2017, counsel for the FDC Beverly Brewster (with whom Plaintiff's counsel has communicated for more than a year regarding a third-party subpoena served in this matter), wrote to Plaintiff's counsel to inform her that she had been told that "Mr. Harrop is *now* representing the Department in this case." Exhibit 9 to Affidavit of Miriam Haskell (July 6, 2017 email from B. Brewster to M. Haskell) (emphasis added). Plaintiff therefore remains uncertain of the nature of the attorney-client relationship between defense counsel and the FDC, and seeks clarity. The nature of this relationship is critical to the assessment of Defendant's invocation of privilege.

Defense counsel claimed on July 14, 2017 not to have executed a fee agreement or retainer with the FDC. The notion that a state agency as large as the FDC would engage counsel and not require a retainer agreement is implausible. Upon being informed that no

retainer agreement existed, Plaintiff asked Defendant to provide the date representation began; Defendant again invoked privilege. Such documents are not privileged. See Universal City Dev. Partners, Ltd., 230 F.R.D. at 691. Upon further inquiry by Plaintiff, Defendant stated that his representation of the FDC generally coincided with his representation of Defendant. Because the history of Defendant's representation of the FDC remains unclear, Plaintiff requests more specificity.

### III.    In refusing to produce a privilege log, Defendant Kiser has waived the above privileges.

By refusing to provide a privilege log, Defendant has not even made a half-hearted attempt to demonstrate the applicability of attorney-client privilege or the work product doctrine. He has left Plaintiff and the Court completely unable to identify the withheld documents and identify the legitimacy of any privilege or work product claims.

According to Federal Rule of Civil Procedure 26(b)(5)(A), a party withholding documents as privileged must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Adequate privilege logs must enable Plaintiff to determine the identity of withheld documents, the basis for the withholding, and whether a privilege claim is appropriate. See Williams, 274 F.R.D. at 697. Defendant Kiser has refused to provide a privilege log and provided no legal authority for his position.

By failing to provide a privilege log, Defendant has waived the privileges. See Spitznagel v. R & D Italia, LLC, No. 2:09-CV-824-FTM, 2011 WL 940052, at *4 (M.D. Fla.

14

Mar. 17, 2011); see also Johnson v. Gross, No. 14-12248, 2015 WL 1963208, at *3 (11th Cir.

May 4, 2015).

Courts have agreed on the following factors to assess whether the failure to provide a

privilege log waives privilege:

> [1] [T]he degree to which the objection or assertion of privilege enables the
> litigant seeking discovery and the court to evaluate whether each of the
> withheld documents is privileged (where providing particulars typically
> contained in a privilege log is presumptively sufficient and boilerplate
> objections are presumptively insufficient); [2] the timeliness of the objection
> and accompanying information about the withheld documents (where service
> within 30 days, as a default guideline, is sufficient); [3] the magnitude of the
> document production; and [4] other particular circumstances of the litigation
> that make responding to discovery unusually easy (such as, here, the fact that
> many of the same documents were the subject of discovery in an earlier
> action) or unusually hard.

Universal City Dev. Partners, Ltd., 230 F.R.D. at 695.

Applying these factors to this case demonstrates that Defendant has waived any

privilege objections. Despite Plaintiff's request, Defendant has not provided any privilege log

that would enable Plaintiff or this Court to evaluate the privilege claim. While Defendant

submitted an objection to Plaintiff's discovery request on March 8, 2017, he has not timely

submitted adequate information about the documents withheld. Indeed, Plaintiff's request

was served on January 13, 2017; Plaintiff has yet to receive a privilege log, more than six

months later. While Plaintiff cannot attest with certainty to the magnitude of responsive

documents (due to the lack of any—even an incomplete or inadequate—privilege log),

Plaintiff does not expect a significant number of responsive documents that would be

burdensome or particularly complex. Considering these factors, Defendant's failure to

provide a privilege log should result in a waiver of privilege. Further, Defendant has waived

any additional objections that he may seek to make at this time, as they would be untimely. "A party who fails to assert objections to discovery within the time permitted by the rule, stipulation or court order, waives any objections and is precluded 'from asserting the objection in a response to a motion to compel.'" Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (quoting Middle District Discovery Handbook at 11).

### IV.   Defendant Kiser has failed to meet his discovery obligations.

Throughout the course of the litigation, Defendant has consistently responded late and deficiently to discovery requests, sometimes not providing clearly responsive documents until well after their due date and only after specifically identified and requested again by Plaintiff's counsel. Because of Defendant's ongoing failure to provide satisfactory discovery responses, Plaintiff seeks an affidavit describing what steps have been taken to locate potentially responsive discovery, should Defendant claim that no responsive documents exist.

### a.   Defendant has a clear record of failing to respond adequately to discovery requests.

In responding to a request for production, a party has a duty to conduct "a reasonable inquiry with those persons and a reasonable search of those places likely to result in the discovery of responsive documents." Middle District Discovery Handbook at 12. Plaintiff has served 35 individual requests for production and has received only about 200 pages in response. See Ex. 2 to Haskell Aff. (referencing receipt of "minimal discovery from Defendant"). By comparison, Plaintiff has produced over 12,000 pages to respond to Defendant's requests.

On April 10, 2017, Defendant produced the expert report of James Upchurch. In his report, Mr. Upchurch referenced photographs taken during his site inspection on March 28, 2017. The photographs are responsive to multiple outstanding discovery requests, most specifically:

33. All photographs, videotapes or demonstrative exhibits on which any expert intends to rely or use in presenting expert opinions in this matter.

Plaintiff served Request 33 on March 7, 2017, along with 11 other requests specifically focused on expert discovery. Defendant responded on March 16, 2017, that he had not yet determined which expert witnesses would testify at trial and would disclose experts pursuant to the Case Management Order (on April 10, 2017).[6] Even after the disclosure of Mr. Upchurch as a defense expert on April 10, 2017, however, Defendant failed to produce any responsive documents. Defendant did not produce the photographs referenced in Mr. Upchurch's report until Plaintiff emailed to request them specifically.[7]

Further, on June 8, 2017, Defendant took the deposition of Plaintiff R.W. During that deposition, Defendant's counsel showed Plaintiff a floor plan for F Dormitory at Sumter Correctional Institution that had never been produced in discovery.[8] However, over a year before, on April 26, 2016, Plaintiff requested

16. Any and all documents demonstrating the floor-plan of F Dormitory at Sumter, including photographs, video, sketches, drawings and blueprints.

---

[6] Defendant's response came just 12 days prior to Mr. Upchurch's site inspection and 13 days *after* Mr. Upchurch was mailed a retainer check from defense counsel.
[7] Additionally, Defendant failed to inform Plaintiff in advance that Mr. Upchurch would be visiting Sumter Correctional Institution, despite Plaintiff's disclosure of his intention to conduct a site inspection and coordination with defense counsel so that defense counsel could be present.
[8] While Plaintiff had received one version of the floor plan in response to a subpoena served on the FDC, Plaintiff had not received this particular document, which was a more clear version of the floor plan.

Defendant responded that he had no responsive documents and made no objections. Defendant never supplemented his response and had failed to produce the floor plan, despite its responsiveness, prior to utilizing it in deposition.

As a final example of Defendant's insufficient management of his discovery obligations in this matter, Defendant's deposition testimony revealed his failure to investigate the existence of responsive discovery. On June 9, 2017, Plaintiff took the deposition of Defendant Kiser. Defendant Kiser testified in the deposition that he had received messages via social media from reporters related to the underlying incident in this matter.[9] Ex. 7 to Haskell Aff., 7:21-8:6. Defendant Kiser further testified that he had reported these messages to FDC supervisors and filled out an incident report. Id. at 7:21-8:25.

On April 26, 2016, more than a year prior to Defendant Kiser's deposition, Plaintiff requested:

> 13. Any and all text messages, emails, social media postings, social media messages, message board postings or other communications related to this case, the underlying incident, Plaintiff R.W., violence in the youthful offender facilities, F Dormitory at Sumter, initiation rituals or Tests of Heart, that were captured on any cell phone, computer, tablet or other electronic device in use at any period in time by Defendant.

On June 7, 2016, Defendant responded that he had no responsive documents. Defendant did not make any objections to the request in his response. Social media messages received from reporters inquiring about the incident in question would have been responsive to Plaintiff's request.[10]

---

[9] Plaintiff no longer seeks these documents because Plaintiff has narrowed the request for Defendant Kiser's communications. However, Plaintiff narrowed that request more than a year after the relevant request was served, and Defendant should have produced these documents in the interim.

[10] Defense counsel claimed in an email on July 7, 2017 that he understood the request to include only social media posts made by Defendant Kiser. However, the request clearly included "social media messages."

Plaintiff acknowledges that Defendant Kiser testified in deposition that prior to the social media messages discussed above, he had no conversations with FDC staff about the incident underlying this case. Ex. 7 to Haskell Aff., 8:3-9. However, Plaintiff finds Defendant Kiser's testimony unreliable for the reasons described below.

On March 8, 2017, Defendant Kiser denied, without qualification, all nine Requests for Admission that Plaintiff had served on January 13, 2017. Exhibit 10 to Affidavit of Miriam Haskell (Plaintiff's Request for Admissions and Defendant's Response). "[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(A)(4). During Defendant Kiser's deposition on June 9, 2017, he made clear that certain of his responses should have been qualified. For example, Plaintiff's Request for Admission #7 states, "Admit that prisoners use or used mops and brooms without direct supervision when Defendant Kiser was on duty." Ex. 10 to Haskell Aff. Defendant Kiser summarily denied this admission. In deposition, however, Defendant Kiser testified as follows:

> Q: When you were on F-Dorm, there were periods of time where prisoners were using a mop or a broom without direct supervision?
> A: Yes, ma'am. Unless there's a second officer, it's impossible.
> Q: Impossible to directly supervise?
> A: Yeah.

Ex. 7 to Haskell Aff., 138:8-14).

Similarly, Plaintiff's Request for Admission #6 states, "Admit that Defendant Kiser knew prior to Plaintiff R.W.'s attack that initiation beatings (also known as 'Tests of Heart') occur at Sumter Correctional Institution." Ex. 10 to Haskell Aff. Defendant also summarily denied that Request. In deposition, however, Defendant Kiser testified about a Test of Heart

incident that he had learned of prior to the attack on Plaintiff. Ex. 7 to Haskell Aff., 126:15-128:1). These examples demonstrate that Defendant Kiser's discovery responses are unreliable, at best, and may be deliberately evasive and incomplete.

As demonstrated by the examples above, Defendant has failed to meet his obligations to produce responsive documents. Because of Defendant's repeated deficiencies and refusal to produce a privilege log, Plaintiff remains uncertain that Defendant has conducted the necessary searches for responsive documents.

### V.      Plaintiff is entitled to costs, attorney fees, and other relief the Court determines.

The Middle District Discovery Handbook observes that "Rule 37, Federal Rules of Civil Procedure, provides that if a party must seek relief from the Court to compel a recalcitrant party to respond, the moving party may be awarded reasonable expenses including attorney's fees incurred in compelling the responses." Middle District Discovery Handbook at 5. The Handbook emphasizes that "Rule 37 is enforced in this district." Id.

In this case, Defendant's continued refusal to produce a privilege log has prejudiced Plaintiff, who has been unable to assess Defendant's invocation of privilege and has been deprived of access to responsive documents. Defendant's insufficient objections and invocations of privilege have necessitated the filing of this motion. The requested relief is consistent with Rule 37, which is "intended to: 1) compensate the court and other parties for the added expenses caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." eComSystems, Inc. v. Shared Mktg. Servs., Inc., No. 8:10-CV-1531-T-33MAP, 2012 WL 899354, at *2 (M.D. Fla. Mar. 16, 2012) (quotation marks and citation omitted).

## CONCLUSION

Therefore, Plaintiff respectfully requests that the Court grant this Motion to Compel, and award appropriate fees, costs, and other relief as determined by the Court.

July 14, 2017                              Respectfully submitted,

By:     /s/ Miriam Haskell
        Miriam Haskell
        Fla. Bar No. 69033
        Southern Poverty Law Center
        P.O. Box 370037
        Miami, FL  33137
        Tel: (786) 347-2056
        Fax: (786) 237-2949
        miriam.haskell@splcenter.org

        Alia Al-Khatib
        Fla. Bar No. 0127082
        Southern Poverty Law Center
        P.O. Box 370037
        Miami, FL  33137
        Tel: (786) 347-2056
        Fax: (786) 237-2949
        alia.alkhatib@splcenter.org

        Shalini Goel Agarwal
        Fla. Bar No. 90843
        Southern Poverty Law Center
        P.O. Box 10788
        Tallahassee, FL 32302
        Tel.: (850) 521-3000
        Fax: (850) 521-3001
        shalini.agarwal@splcenter.org

        *Attorneys for Plaintiff*

## CERTIFICATE OF GOOD-FAITH CONFERENCE

In accordance with Local Rule 3.01(g), counsel hereby certifies that Plaintiff has conferred with Defendant in a good-faith effort to resolve the issues discussed in this Motion, and Defendant objects to the relief sought here.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2017, the foregoing document is being on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Miriam Haskell
Miriam Haskell

## SERVICE LIST

Ronald L. Harrop
Fla. Bar No. 260584
Derek J. Angell
Fla. Bar No. 73449
O'CONNOR & O'CONNOR, LLC
840 S. Denning Drive, Suite 200
Winter Park FL 32789
Tel: (407) 843-2100
Fax: (407) 843-2061
rharrop@oconlaw.com
*Attorney for Defendant Bruce A. Kiser, Jr.*